458



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5899
Re: Supplementation of Texas
Prison System appropria-
tions for motor vehicle
supplies and telegraph,
telephone and messenger
service.

Your letter of February 28, 1944, reads as follows:

"The Regular Session of the Forty-eighth
Legislature, by S. B. No. 332, known as the
General Appropriation Bill, made specific ap-
propriations for the Texas Prison System for
each year of the current biennum, appropriat-
ing $2,500 for telegraph, telephone and messen-
ger service, and another item of $20,000 for
each year of the biennum for motor vehicle sup-
plies.

"These two appropriations are now exhausted,
and the Texas Prison System finds itself with-
out funds for the purchase of necessary fuel
such as gasoline for its motor vehicles and
transportation and also for telegraph, tele-
phone and messenger service. We, therefore,
submit the following questions and respective-
ly request an early reply thereto:

"1. Is the Prison officials authorized to
incur claims for telegraph, telephone and mes-
senger service and pay for such claims out of
the $10,000 appropriation made for contingent
expense?

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"2. Is the Prison officials authorized to incur claims for motor vehicle supplies and pay for same out of the Industrial Revolving Fund created by the Forty-fourth Legislature, First Called Session, Page 1600, Chapter 403, of 1935, as the same is appropriated in a special rider following the itemizations in the Current Appropriation Bill?

"You will note from the Industrial Revolving Fund created by the above mentioned Act of 1935, that it required that the State Treasurer of Texas shall deposit sufficient amount of moneys received by him from the General Manager of the Texas Prison System out of money earned by and belonging to the State Prison System in bank at Huntsville, Texas, for the purpose of establishing the Industrial Revolving Fund, which fund is to be used by said Prison System in the purchasing of supplies for the various industries of the Texas Prison System."

As stated in your letter, the General Appropriation Bill of the Regular Session of the Forty-eighth Legislature (S.B. 332) makes itemized appropriations of $20,000 per year for motor supplies and $2,500 per year for telegraph, telephone and messenger service for the Texas Prison System. This act also makes an itemized appropriation of $10,000 per year for "Contingent Expenses." Section 15(b) of the General Provisions of this act provides:

"The appropriations herein provided are to be construed as the maximum sums to be appropriated to and for the several purposes named herein, and the amounts are intended to cover, and shall cover the entire cost of the respective items and the same shall not be supplemented from any other sources; and, except as otherwise provided, no other expenditures shall be made, nor shall any other obligations be incurred by any department of this State, provided, however, that nothing herein shall prevent any department head from paying less than the maximum amount set forth herein for any salaried position."

Honorable Geo. H. Sheppard, Page 3

In our Opinion No. 0-1332 we said with respect to the effect of a provision identical with this upon an appropriation for contingent expenses:

"Having due regard to the context in which we find the word (contingent), and the specific authorization for the use of such funds for such purposes, we are impelled to the conclusion that the Legislature has said substantially this:

"'We have attempted, so far as possible, to anticipate every item of expenses, which may necessarily be incurred in the operation of your department, but we realize that our judgment as to such matters may be inexact, from the very nature of things, and we therefore appropriate to your department a sum of money generally available for operating expenses of your department, except as otherwise herein specifically limited, to take care of those employments and other expenses not herein specifically provided for, but which may necessarily be required to enable your department properly to function.'" (Emphasis and parenthetical word added)

Since expenditures for telegraph, telephone and messenger service have been specifically provided for in the appropriation bill, we feel that the appropriation for such service may not be supplemented by expenditures from the appropriation for contingent expenses. Consequently your first question is answered in the negative.

In our Opinion No. 0-2990 we considered the Industrial Revolving Fund of the Texas Prison System and its biennial "appropriation" in the General Appropriation Bills. In this connection we said:

"An adding up of the amounts of the various specific items of appropriation for the prison system shows that the amounts of the revolving funds are not included in the totals . . . This fact, together with the requirement that the industrial revolving fund be kept at its maximum at all times, especially when considered in the

Honorable Geo. H. Sheppard, Page 4

light of section 3 of the act originally creating the revolving fund, clearly shows that it was not intended by the Legislature that such revolving fund should be a supplemental or additional appropriation to those itemized elsewhere. It was not intended by the Legislature to do more, in creating the industrial revolving fund, than to enable certain purchases to be made by the system for cash. We answer your second question first by saying that where purchases are made from the industrial revolving fund, they should be charged against appropriations made for the support and maintenance of the prison system, and such revolving fund should not be considered as a supplemental appropriation to the regular amounts appropriated for the maintenance of the system."

In view of this opinion and the fact that the itemized appropriation for motor supplies is now exhausted, we feel that your second question must also be answered in the negative.

Trusting that the foregoing fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:ff


APPROVED
OPINION
COMMITTEE
BY [chairman signature]
CHAIRMAN